IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| H & D ENTERPRISE, INC., § | | |
| d/b/a Handi Stop 105, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| VS. § | CIVIL ACTION NO. 10-4049 | |
| § | | |
| NATIONWIDE PROPERTY AND § | | |
| CASUALTY INSURANCE COMPANY, § | | |
| § | | |
| Defendant. § | | |

**MEMORANDUM AND ORDER**

This is an insurance dispute arising out of alleged nonpayment of benefits after claims for hurricane damage. The plaintiff, H&D Enterprise, Inc. d/b/a Handi Stop 105, sued its insurer, Nationwide Property & Casualty Insurance Company, asserting breach of contract as well as extracontractual claims. The defendant removed based on diversity jurisdiction. The defendant then moved to dismiss only the extracontractual claims. (Docket Entry No. 3). The plaintiff has not filed a response.

The extracontractual causes of action are sparsely pleaded. In both the factual background section of the petition and the causes of action, the plaintiff essentially repeats the language of sections 541 and 542 of the Texas Insurance Code and the Texas Deceptive Trade Practices Act, and alleges a breach of the duty of good faith and fair dealing. Such conclusory allegations that do no more than repeat the elements of the claim are insufficient under Rule 8 of the Federal Rules of Civil Procedure. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction

with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly* abrogated the Supreme Court's prior statement in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Twombly*, 550 U.S. at 562–63 ("*Conley*'s 'no set of facts' language . . . is best forgotten as an incomplete, negative gloss on an accepted pleading standard . . . ."). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. 544). The Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed

change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) (unpublished) (per curiam) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

The motion for partial dismissal is granted. The extracontractual claims are dismissed, with leave to amend, no later than **January 7, 2011**.

SIGNED on December 7, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge