IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| H & D ENTERPRISE, INC., § | | |
| d/b/a Handi Stop 105, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| VS. § | CIVIL ACTION NO. H-10-4049 | |
| § | | |
| NATIONWIDE PROPERTY AND § | | |
| CASUALTY INSURANCE COMPANY, § | | |
| § | | |
| Defendant. § | | |

**MEMORANDUM AND ORDER**

This is an insurance dispute arising out of alleged nonpayment of benefits after claims for hurricane damage. The plaintiff, H&D Enterprise, Inc. d/b/a Handi Stop 105, sued its insurer, Nationwide Property & Casualty Insurance Company, asserting breach of contract as well as extracontractual claims. Nationwide removed based on diversity jurisdiction. Nationwide moved to dismiss only the extracontractual claims on October 29, 2010. (Docket Entry No. 3). Under the local rules, motions are submitted to the court for decision after 21 days. S.D. TEX. L.R. 7.3. On December 7, with no response from the plaintiff, this court granted the motion to dismiss. (Docket Entry No. 7). In response to H&D's unopposed motion, this court withdrew the order and granted H&D leave to file a response, (Docket Entry No. 11), which H&D has filed. H&D has also moved without opposition to amend. (Docket Entry No. 13).

In H&D's original petition, the extracontractual causes of action are sparsely pleaded. In both the factual background section of the petition and the causes of action, H&D essentially repeats the language of sections 541 and 542 of the Texas Insurance Code and the Texas Deceptive Trade

Practices Act and alleges a breach of the duty of good faith and fair dealing. Such conclusory allegations that do no more than repeat the elements of the claim are insufficient under Rule 8 of the Federal Rules of Civil Procedure. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. 544).

Under Rule 15(a), a "court should freely give leave to amend when justice so requires." When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) (unpublished) (per curiam) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

Nationwide's motion for partial dismissal, (Docket Entry No. 3), is granted, without prejudice and with leave to amend.  H&D's unopposed motion to file  the amended complaint, (Docket Entry No. 13), is granted.

SIGNED on December 23, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge