IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| H & D ENTERPRISE, INC., § | | |
| d/b/a Handi Stop 105, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| VS. § | CIVIL ACTION NO. H-10-4049 | |
| § | | |
| NATIONWIDE PROPERTY AND § | | |
| CASUALTY INSURANCE COMPANY, § | | |
| § | | |
| Defendant. § | | |

**MEMORANDUM AND ORDER**

The plaintiff in this insurance dispute has moved for leave to amend its expert disclosures and designate a witness previously identified as a fact witness as a "consultant only" expert witness. (Docket Entry No. 45). The apparent purpose of the amendment is to prevent the deposition of this witness.

The record shows that the witness, Glen Boudoin, assessed the plaintiff's property after the hurricane and prepared an estimate that was submitted to the defendant insurer, Nationwide, during the claims-handling process. Boudoin's damage report and estimates were also sent to Nationwide as an attachment to the presuit demand letter and referred to in the complaint filed in this court. The record shows that Boudoin's knowledge and opinions about the plaintiff's property damage and insurance claim were not maintained in confidence. The plaintiff listed Boudoin as a third-party fact witness with relevant knowledge in its disclosures.

The record makes it clear that this witness has relevant factual knowledge. Rule 26 does not require a designation of an individual as a "consultant only" expert witness. Rule 26 does

require identification of individuals who have factual information and of individuals who are likely to testify. To the extent the plaintiff is seeking to clarify the status of confidential expert opinions Boudoin may have, the motion for leave to amend is granted. But to the extent the motion seeks to place Boudoin's factual knowledge and non-confidential opinions beyond discovery, the motion for leave to amend is denied. Boudoin must give the deposition the defendant has sought about his knowledge about the insurance claim at issue in this case. The deposition was noticed to occur on December 19, 2011. If it did not take place as scheduled, it must be completed no later than January 13, 2012.

SIGNED on January 3, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge